AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **21-CI-03312**
Court: **CIRCUIT**
County: **FAYETTE**

*Plantiff,* **ZOLL, JAMES VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON ET,** *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Vincent Riggs
Fayette Circuit Clerk
Date: **11/4/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

EXHIBIT
A

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. __________
*Electronically Filed*

JAMES ZOLL PLAINTIFF

vs. **COMPLAINT**

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON DEFENDANTS

**To be served through:**
CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**To be served through:**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

*** *** *** ***

Comes the Plaintiff, James Zoll, and for his Complaint against Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company, states as follows:

1. Plaintiff James Zoll is a citizen and resident of Fayette County, Kentucky.
2. Defendant Lincoln Life Assurance Company of Boston (hereinafter "Lincoln Life"), previously known as Liberty Life Assurance Company of Boston, is an insurance company domiciled in the state of New Hampshire, where it is a citizen and resident, with a statutory home office located at 175 Berkley Street, Boston, Massachusetts 02117.

3. Lincoln Life's service of process agent is CSC-Lawyers Incorporating Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.
4. Defendant Lincoln Life is believed to be authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.
5. Upon information and belief, Lincoln Life has merged with The Lincoln National Life Insurance Company ("Lincoln National").
6. Defendant Lincoln National is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, with a statutory home office located at 1300 S. Harrison Street, Fort Wayne, Indiana 46802.
7. Lincoln National's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.
8. Defendant Lincoln National is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.
9. Jurisdiction and venue are proper in this Court because Defendants transact business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Fayette County, Kentucky.
10. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota") employed as a Production Team Member. Plaintiff had been employed with Toyota since on or about May 8, 1989.
11. Toyota established and provided a long-term disability ("LTD") Plan to employees, which includes Plaintiff. The LTD policy number is believed to be GF3-860-066619-01.

12. Plaintiff was covered and eligible under the LTD Plan.

13. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

14. The LTD policy is believed to define disability and entitle Plaintiff to receive LTD benefits if Plaintiff meets the following definition:

> ***"Disability"*** or ***"Disabled"*** means:
>
> 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:
>
>    i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
>    ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.
>
> 2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:
>
>    ***"Disability" or "Disabled"*** means as a result of Injury or Sickness the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation.

15. Defendants have a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD policy.

16. Plaintiff, while working for Toyota, became disabled under the terms of the LTD policy, which disability arose after the Effective Date of the LTD policy.

17. Plaintiff was unable to return to work as a Production Team Member for Toyota since on or about July 13, 2018, and remains disabled under the terms of the LTD policy.

18. Plaintiff timely and properly submitted a claim to Defendants, consistent with the terms of the LTD policy. Plaintiff's LTD claim number with Defendants is believed to be 8560503.

19. Prior to receiving LTD benefits, Plaintiff was approved for short-term disability benefits by Defendants and received short-term disability benefits for the maximum duration.
20. On June 3, 2020, Plaintiff was deemed disabled by the Social Security Administration. Plaintiff continues to receive Social Security disability benefits.
21. On December 21, 2018, Defendants approved Plaintiff's claim for LTD benefits. Plaintiff continued receiving LTD benefits for a period of time.
22. By letter dated December 30, 2020, Defendants denied Plaintiff's claim for LTD benefits under the policy beyond January 16, 2021.
23. On June 25, 2021, Plaintiff timely and properly appealed the denial of his LTD benefits, in the manner set forth in the applicable policy.
24. In his appeal, Plaintiff submitted additional medical documentation supporting his ongoing disability.
25. Plaintiff thereafter provided additional information in support of his appeal, including an independent medical evaluation performed on August 31, 2021.
26. By letter dated October 6, 2021, Defendants upheld the denial of Plaintiff's claim for LTD benefits.
27. The October 6, 2021 letter, stated Plaintiff's "administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group" and Plaintiff has "the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review."
28. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disability" or "disabled" under the terms of the applicable policy, and Defendants should be required to perform under the contract and pay benefits to Plaintiff.

29. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

30. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

**<u>COUNT I</u>**

31. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

32. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendants' improper denials of benefits under the applicable plan and to recover benefits under the terms of the plan.

33. Defendants' decision to terminate benefits, and the refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendants, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

34. Defendants have an inherent conflict of interest because they not only are the entities responsible for paying benefits to Plaintiff, but they are also the entities that make the determination of whether Plaintiff qualifies for those benefits.

35. Defendants employed doctors to review Plaintiff's claim and used these file review reports to support the denials of benefits.

36. The doctors employed by Defendants to review Plaintiff's LTD appeal did not examine or speak with Plaintiff.

37. Defendants' review processes, including the failure to examine Plaintiff, lacked due process to Plaintiff.

38. Defendants' review processes, including the failure to examine Plaintiff, were biased in favor of Defendants.
39. Defendants' internal reviews are subject to abuse of discretion review.
40. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendants for full contractual benefits under the applicable policy under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

AOC-104 Doc. Code: CCCS
Rev. 12-20
Page 1 of 1

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

# CIVIL CASE COVER SHEET

Case No. ______
Court Circuit
County Fayette
Division ______

James Zoll — PLAINTIFF/PETITIONER

VS.

Lincoln Life Assur. Co. of Boston and The Lincoln National Life Ins. Co. — DEFENDANT/RESPONDENT

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place an "X" to the left of the ***ONE*** case category that most accurately describes your ***PRIMARY CASE***. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
- ☐ Dissolution/Divorce with Children (DISSO)
- ☐ Dissolution/Divorce without Children (DISSO)
- ☐ Paternity (PA)
- ☐ Custody (CUSTO)
- ☐ URESA/UIFSA (UR)
- ☐ Visitation/Parenting Time (VISIT)
- ☐ Voluntary Termination of Parental Rights (TPR)
- ☐ Involuntary Termination of Parental Rights (TPR)
- ☐ Adoption (ADPT)
- ☐ Other: (DFOTH) ______

**PROBATE / ESTATE**
- ☐ Guardianship-Adult (GCADLT)
- ☐ Guardianship-Juvenile (GCJUV)
- ☐ Guardianship-Conservatorship (CONSVA)
- ☐ Probate-Testate (with a will) (PB)
- ☐ Probate-Intestate (without a will) (PB)
- ☐ Petition to Dispense with Administration (PB)
- ☐ Name Change (NC)
- ☐ Other: (PBOTH) ______

**BUSINESS / COMMERCIAL**
- ☐ Business Tort (BCPI)
- ☐ Statutory Action (BCSA)
- ☐ Business Contract Dispute (BCCO)
- ☐ Other: (BCOTH) ______

**TORT** (Injury)
- ☐ Automobile (AUTO)
- ☐ Intentional (INTENT)
- ☐ Malpractice-Medical (MDML)
- ☐ Malpractice-Other (MLOTH) ______
- ☐ Premises Liability (PREM)
- ☐ Product Liability (PROD)
- ☐ Property Damage (PD)
- ☐ Slander/Libel/Defamation (SLAND)
- ☐ Other: (PIOTH) ______

**REAL PROPERTY**
- ☐ Property Rights (PR)
- ☐ Condemnation (DOMAIN)
- ☐ Forcible Detainer (Eviction) (FD)
- ☐ Forcible Entry (FENTRY)
- ☐ Foreclosure (FCL)
- ☐ Other: (COOTH) ______

**EMPLOYMENT**
- ☐ Employment-Discrimination (DSCR)
- ☐ Employment-Other (DISPU) ______

**CONSUMER**
- ☐ Seller Consumer Goods (DEBTG)
- ☐ Seller Consumer Services (DEBTS)
- ☐ Buyer Consumer Goods (BUYERG)
- ☐ Buyer Consumer Services (BUYERS)
- ☐ Credit Card Debt (CREDIT)
- ☐ Fraud (FRAUD)
- ☐ Other: (COOTH) ______

**APPEALS**
- ☐ Appeal from Administrative Agency (AB)
- ☐ Appeal from District Court (XI)
- ☐ Other: (OTH) ______

**MISC CIVIL**
- ☐ Habeas Corpus (HABEAS)
- ☐ Non-Domestic Relations Restraining Order (IP)
- ☐ Tax (TAX)
- ☐ Writs (WRITS)
- ☒ Other: (OTH) Insurance/Employee benefits

# KCOJ eFiling Cover Sheet

Case Number: 21-CI-03312

Envelope Number: 4018723

Package Retrieval Number: 401872327059825@00001018199

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 13.53

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

USPS CERTIFIED MAIL

9236 0901 9403 8358 3283 97

Restricted Delivery

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

NEOPOST
11/04/2021
US POSTAGE $013.53⁰

ZIP 40601
041M11456493

40601$1815 C003