Eastern District of Kentucky
**FILED**
Nov - 13 2019
Robert R. Carr
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: Civil Actions | ) | STANDING<br>CASE MANAGEMENT<br>AND<br>REFERRAL ORDER<br>General Order No. 19-10 |

*** *** ***

1. At the outset, the Court reminds the parties that, under Rule 1, they share with the Court the duty to construe, administer, and employ the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of this action. Thus, when implementing the discovery plan, pursuing and responding to specific discovery, and engaging in every other aspect of this litigation, the Court expects the parties to consider and account for the scope of Rule 26(b)(1), the values reflected in Rule 26(g), and the call of the Rules to cooperative, efficient, and thoughtful case management. Recognizing its own obligations for active involvement in discovery and case oversight, the Court or the assigned Magistrate Judge, on motion of any party, will promptly set this matter for a hearing if the parties need guidance on issues of proportionality and Rule 26(b)(1) scope, preservation, or any other litigation topic(s) that implicate Rule 1 and may arise in or pertain to this case.

*Referral*

2. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the Court refers this case to the appropriate United States Magistrate Judge for this Division and docket for purposes of:

   A. initially evaluating the existence of federal subject-matter jurisdiction;

B. directing the parties to timely conduct a Rule 26(f) conference;

C. establishing a schedule (based on party input under Rule 26(f));[1]

D. generally resolving subsequent scheduling issues, including altering dates and deadlines;

E. ensuring timely closure of the pleadings;

F. handling service concerns (encompassing, in foreclosure and other proceedings, as appropriate, warning order service);

G. managing discovery, including resolving all discovery disputes (subject to ¶ 5's resolution protocol) and conducting any hearing(s) ¶ 1 contemplates;

H. conducting a mid-discovery telephonic conference;

I. conducting a settlement conference, if warranted, in the view of the Magistrate Judge, by (i) the parties' joint motion indicating a desire for a court-conducted settlement conference instead of a private mediation, (ii) the economics and particulars of the case, and (iii) the likelihood of an efficient resolution; and

J. resolving all non-dispositive pretrial, though not evidentiary, motions.

3. Unless otherwise ordered, the Court retains for decision any motion dispositive of a claim or defense (as well as motions regulating the trial proof, including *Daubert* and motions *in limine*).[2]

[1] Such schedule should encompass proceedings up to and including the close of discovery and completion of dispositive motion briefing. Upon resolution of any summary judgment motion or expiration of deadlines for same, the Court will, as necessary and appropriate, set other deadlines (*e.g.*, liminal and *Daubert* motions, pretrial filings) and schedule further proceedings. The Court recognizes that, in certain circumstances, *in limine* or *Daubert* matters may overlap with summary judgment consideration. Thus, the Magistrate Judge has discretion, in an appropriate case, to set contemporaneous *Daubert*, *in limine*, and dispositive motion deadlines.

[2] The Court, in consultation with the assigned Magistrate Judge, may alter this standing referral on a motion-by-motion or case-by-case basis, as appropriate, by subsequent Order.

4. Concurrent with the filing of any Rule 12 motion, the moving party **may** file, as a separate motion, any request for a discovery stay pending resolution.[3] The Court refers consideration of any such motion to the assigned Magistrate Judge.

*Discovery Disputes*

5. Discovery disputes shall be resolved in the following manner:

   A. The parties shall first confer (which means orally discuss the issue) in an attempt to resolve disputes between themselves, without judicial intervention.

   B. If the parties are unable to resolve a dispute informally, they shall request a telephone conference with the Magistrate Judge.

   C. If, and only if, a dispute continues after a conference with the Magistrate Judge, a complaining party may file an appropriate written motion directed to the Magistrate Judge. Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1. The Magistrate Judge may impose an appropriate briefing schedule to resolve any such formal motion.

   D. If, and only if, a dispute continues after the Magistrate Judge's ruling on a formal discovery motion, a complaining party may proceed as appropriate under Rule 72.

   E. The Court expects parties to raise and address discovery disputes in a manner that avoids potential disruption of the schedule in the case. The Magistrate Judge has discretion to structure the call and motion mechanics in any efficient and appropriate way.

*Conclusion*

The Court **DIRECTS** the Clerk to enter this Standing Order in the undersigned's civil cases—excepting Social Security, *pro se*, and prisoner post-conviction matters—at case opening (or as the Court otherwise directs).

[3] Absent such a motion, the Court will assume that the parties intend to proceed with discovery.

**Signed By:**

***Robert E. Wier***

**United States District Judge**