The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 422-7909

| | |
|---|---|
| Date: | October 5, 2021 |
| To: | ELIZABETH THORNSBURY<br>MEHR, FAIRBANKS & PETERSON<br>201 WEST SHORT STREET<br>STE 800<br>LEXINGTON KY 40507 |
| Attn: | |
| Fax: | (859) 225-3830 |
| From: | Tawnya Valliere<br>Appeals Specialist<br>Phone No.: Phone No.: (888) 437-7611<br>Secure Fax No.: (603) 422-7909 |
| Total Pages<br>(Including Cover): | 11 |
| RE:<br><br>Claim #: 8560503<br>Claimant: James D Zoll<br><br>Toyota Motor Engineering & Manufacturing North America, Inc. | |

This fax, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution or copying of this fax, and any attachments thereto, is strictly prohibited. If you have received this fax in error, please notify me by telephone at (888) 437-7611 and permanently shred the original and any copy of any fax and any printout thereof.

EXHIBIT
2

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 422-7909

October 5, 2021

Elizabeth A. Thornsbury
Mehr, Fairbanks & Peterson
201 WEST SHORT STREET
STE 800
LEXINGTON, KY 40507

RE: Long Term Disability (LTD) Benefits
Toyota
Claim #: 8560503
Claimant: James D Zoll

Dear Elizabeth Thornsbury:

We reviewed your appeal request for Long Term Disability ("LTD") benefits on behalf of Mr. James Zoll and maintained the decision to deny benefits beyond January 16, 2021.

**Initial Claim Decision**

Mr. Zoll submitted a claim for his absence from work as of July 19, 2018, as a result of rotator cuff tear, weakness in left hand and right arm, lower back and neck pain, migraines, anxiety, and depression. His LTD benefits began on January 17, 2019, therefore the change in definition of disability occurred on January 17, 2021 and to receive benefits beyond 24 months he must be disabled from any occupation as defined in the Policy. Benefits beyond January 16, 2021 were denied as the evaluation concluded Mr. Zoll was no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated December 30, 2020. Mr. Zoll was provided an opportunity to request an appeal review of the denial, stating the reasons why he felt that his claim should not have been denied, and submit additional information to support his claim. Specifically, Mr. Zoll was advised to submit the following information: *"A copy of all office treatment notes, test results, therapy records, restrictions and limitations, hospital admission records, operative reports, prescription history and treatment plans from July 19, 2018 through the present from any and all other treating providers."*

**Appeal**

We received your request for reconsideration on behalf of Mr. Zoll on June 25, 2021. In support of Mr. Zoll's claim, you also included medical documentation from the following providers:

- *Kentucky Bone & Joint, Kentucky Surgery Center*

- *KORT Physical Therapy*
- *Pain Consultants of Central Kentucky*
- *Stephen Lamb, MD*
- *Commonwealth Pain and Spine, Lexington Clinic*
- *Commonwealth Hand Therapy*
- *Cardinal Hill Rehabilitation Hospital*
- *Walmart Pharmacy.*

This appeal review and analysis considered all the medical and claim documentation contained in Mr. Zoll's Long Term Disability administrative record, whether or not specifically referenced in this document.

**<u>Appeal Evaluation</u>**

During the ongoing claim evaluation, Mr. Zoll was provided a letter dated December 30, 2020, regarding the denial of continued Long Term Disability benefits. Please refer to this letter for the details of the ongoing claim evaluation and denial of benefits beyond January 16, 2021.

During the review of Mr. Zoll's appeal, his claim was reviewed by Dr. Eric Chavez, an independent physician Board Certified in Psychiatry. Dr. Chavez attempted to contact Mr. Zoll's treating psychiatrist, Stephen Lamb to discuss the case, however, telephone contact with Dr. Lamb was not successful after several attempts.

Following a complete review of Mr. Zoll's file, the medical evaluation by Dr. Chavez concluded the medical evidence does not support any psychiatric diagnosis causing functional impairment from January 17, 2021 to the present. Further Dr. Chavez stated,

> *For the timeframe under review, there are no psychiatric progress notes or psychotherapy notes available for review. There is documentation from the primary care provider stating that the claimant is seeing a psychiatrist but there is no description or characterization of any severe psychiatric symptom and there is no documentation of abnormality on mental status exam. The most recent psychiatric visit is from July 2020 and notes that the claimant is improving with his current medication Viibryd.*
>
> *Specific documents to support my opinion include:*
> *For the timeframe of 1/17/21 through the present, there are no specialized mental health progress notes, psychiatric treatment notes, or psychotherapy notes available for review. The most recent psychiatric visit is dated 7/28/20 and includes a report of diagnoses of major depressive disorder, social anxiety disorder, and rule out generalized anxiety disorder. The claimant at that time reported feeling better on new medications. His sleep was okay. His coworkers were looking down on him because of his disability. His mood was better. The plan was to increase dose of Viibryd. For the specific time frame of 1/17/21 and forward, the available progress notes are: 3/8/21 and orthopedic visit, on 3/16/21 a primary care visit noting that he was taking Klonopin with no discussion of psychiatric symptoms or documentation of abnormality on mental status exam, 3/18/21 a pain management visit, 4/8/21 a neurology visit, 4/23/21 a primary care visit noting that the claimant was seen for chest pain.*

Since Dr. Chavez was unable to speak with Mr. Zoll's psychiatrist, Dr. Lamb, he submitted a list of his questions for Dr. Lamb via fax on July 16, 2021. However, a response was not received from Dr. Lamb.

During the review of Mr. Zoll's appeal, his claim was also reviewed by Dr. Fargo Khoury, an independent physician Board Certified in Physical Medicine & Rehabilitation. Dr. Khoury attempted to contact Mr. Zoll's treating providers, Dr. John Zeigler and Dr. Craig Knox to discuss the case, however, telephone contact was not successful with either provider after several attempts.

Based on his review of the available medical evidence, Dr. Khoury concluded diagnoses supported by the medical records include left cubital tunnel syndrome, chronic pain syndrome, left shoulder rotator cuff syndrome, lumbar disc disease, cervicalgia and cervical radiculopathy at C7, and migraines. Dr. Khoury opined there are restrictions supported, given findings of radiculopathy at C7 on EMG, along with chronic and persistent neck, shoulder, and lumbar spine pains. Symptoms of pain are associated with sensory disturbances on exam, myofascial pain to palpation, impaired range of motion, and subjective pain. Further Dr. Khoury indicated,

> *Restrictions and limitations include:*
>
> *No lift/carry more than 20 lbs. occasionally or 10 lbs. frequently*
> *No specific sit, stand, or walk restrictions*
> *Range of motion is not documented as severely impaired, as such, frequent reaching in all planes is Appropriate*
>
> *Occasional forceful grasp and grip with the left upper limb; otherwise no restrictions/limitations for simple grasping, gripping, handling, and feeling No restrictions for balancing, kneeling, bending, stooping.*
>
> *Within these restrictions the claimant can work full time in a sustained capacity. Prognosis is good for full-time work within the documented restrictions/limitations. Re-assessment in three (3) months is appropriate.*
>
> *The severity of pain and extent of impairment is out of proportion to the objective data reviewed. MRIs show mild overall spondylosis, and exams consistently reveal intact neurological function, without signs of neurological compromise. As such, the restrictions and limitations offered in this report are substantiated, and appropriate. Total functional impairment is not supported.*

On July 15, 2021, letters were faxed to both Dr. Ziegler and Dr. Knox which outlined a summary of Dr. Khoury's assessment and his questions for Mr. Zoll's providers.

On July 22, 2021, a response letter was received from Dr. Craig Knox which indicates that Mr. Zoll has migraine headaches, neck pain, migraines, familial tremor, chronic lower back pain, and chronic anxiety. He stated he last saw Mr. Zoll on April 08, 2021. He noted Mr. Zoll's neurologic examination is normal apart from a mild sustension tremor consistent with familial tremor. He stated Mr. Zoll notices diminished sensation in his left arm. The rest of his examination is normal. Regarding the question about his functional deficits, Dr. Knox stated, "he just says some numbness in the left arm." Regarding the duration of his symptoms, Dr. Knox stated he has familial tremor

which he suspects will gradually progress over time. At the present time, Dr. Knox indicated Mr. Zoll's tremors are mild and have improved with Topamax. For his migraines, Dr. Knox indicated Mr. Zoll is on Aimovig and uses Imitrex as needed. He stated that recently Mr. Zoll "has just been having 2 or 3 migraines per year." MRI scan of the brain was noted to be normal. Dr. Knox stated he does have some chronic neck and lower back pain. MRI of cervical spine shows a bulging disc extending to the left at C6-7 level and EMG of the left arm showed borderline findings for left C7 radiculopathy. He does have chronic lower back pain with broad-based disc protrusions, and numbness in the left foot. EMG showed a chronic left L5 radiculopathy. Dr. Knox indicated he suspects the degenerative disc disease in the cervical and lumbar spine will gradually progress over time. Dr. Knox indicated he is not planning on doing any "interventions." He stated that at Mr. Zoll's last visit, his migraines were improving, lower back pain had resolved, and he was still having some neck pain. Dr. Knox indicated he claims no knowledge of how to assess for work restrictions and usually refer patients to PM&R for that.

Upon receipt of the response letter from Dr. Knox, an addendum review was completed by independent Physical Medicine and Rehabilitation physician, Dr. Khoury. The addendum review by Dr. Khoury indicated the response from Dr. Craig Knox does not alter the prior opinion as neurological exams were stable and there were no objective conditions or deficits that would support further restrictions/limitations beyond what was previously documented in his prior report.

Mr. Zoll's claim was also reviewed by a Vocational Rehabilitation Counselor for a transferrable skills analysis based on his prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined above by Dr. Khoury. The analysis showed Mr. Zoll has the following transferrable skills based on his work, education, training and/or life experience:

***Skills & Abilities:***

*Manual/Technical – Sorting parts and components, scrapping parts, operating forklift to move and organize products, working with assembly tools or equipment, receiving deliveries, unloading trucks, delivering parts within organization, using hand—eye coordination, inspecting vehicle functions, performing diagnostics, completing precise and detailed tasks, utilizing knowledge of motor vehicles, shipping/receiving, material movement, and assembly tasks, adhering to safety procedures and protocols*
*Communication/Interpersonal – Speaking effectively, listening attentively, collaborating with others, working well as part of a team, utilizing problem solving skills*
*Organizational – Demonstrating efficiency and ability to get a job done, utilizing time management skills, multi-tasking, understanding and applying both written and verbal instructions, using basic computer and clerical skills, performing data entry operations, writing reports*

Through his work, education, training and/or life skills, the Vocational Rehabilitation Counselor concluded Mr. Zoll demonstrated that he was qualified to perform the following occupations based on his capacity and skill level:

| ***Occupation*** | ***National Median Monthly Wage**** |
|---|---|
| *Final Inspector* | *$3371* |
| *Industrial – Order Clerk* | *$2938* |

| | |
|---|---|
| *Shipping Checker* | *$2938* |
| *Routing Clerk* | *$2938* |
| *Information Clerk* | *$2593* |
| *Gate Guard* | *$2588* |

**Wage Information is based on median 2020 Bureau of Labor Statistical Data*

On August 03, 2021, we sent you a letter which included a copy of the clinical and vocational reviews performed in connection with Mr. Zoll's request for appeal. You were given an opportunity to review and respond with any additional information that you would like considered before a final determination was made on the appeal. A deadline for response was given of August 24, 2021.

We received a response from your office dated August 23, 2021 objecting to the use of file review reports by Dr. Eric Chaves and Dr. Fargo Khoury as a means to deny Mr. Zoll's claim. You stated that Mr. Zoll maintains that objective documentation, history of his diagnoses, and his treatment support his disability under the applicable plan. You noted that Dr. Chavez and Dr. Khoury did not examine Mr. Zoll and this casts doubt on their opinions. You reported there is a conflict of interest and risk of bias present which cannot be ignored. You noted the medical and objective evidence of record squarely calls into question Mr. Zoll's ability to perform activities of daily living and whether he has the functional capabilities required for competitive employment, on either a part-time or full-time basis, including his ability to sit as would be required in a sedentary occupation. You stated that Mr. Zoll's chronic pain and limitations continue on a daily basis. You indicated that Mr. Zoll also disagrees with the Transferrable Skills Analysis performed by a Lincoln Life employee. You also submitted a copy of the Social Security Administration Decision notice for Mr. Zoll dated June 03, 2020.

On September 08, 2021, we received an additional fax from your office which included a copy of an independent medical evaluation performed on Mr. Zoll by Dr. James Owen on August 31, 2021 which you requested also be considered in the review of Mr. Zoll's LTD appeal.

Upon receipt of the additional information received from your office for Mr. Zoll's appeal, addendum reviews were completed by Dr. Eric Chavez and Dr. Fargo Khoury.

Following his review of the additional information provided, independent Psychiatry physician, Dr. Eric Chavez concluded there was no change to his prior assessment. Dr. Chavez noted there is no additional psychiatric information available in the additional information that was provided. The addendum review by Dr. Chavez acknowledged the two letters from your office stating that Mr. Zoll appeals the decision to deny his long-term disability claim, and does not agree with the peer review reports that were previously posted. Dr. Chavez noted there was also an independent medical evaluation which focuses on Mr. Zoll's physical condition and glancingly mentions that he has depression, with no description or characterization of psychiatric symptoms, and no documentation of a psychiatric/mental status exam.

The addendum review by independent Physical Medicine and Rehabilitation physician, Dr. Fargo Khoury opined the additional information does support a change to the previously noted restrictions and limitations. Further the addendum review by Dr. Khoury stated,

> *A letter from the claimant's attorney office was reviewed. The claimant reportedly has*

*worked a labor-intensive job for decades, and struggles with physical deficits and symptoms. This report references vocational expert opinions, which state the claimant has a 10 pound lifting restriction, and his condition(s) preclude him from being able to perform job duties.*

*A disability exam by Dr. James Owen dated 08/31/2021 was reviewed. The claimant has ongoing pain about the left shoulder and lumbar spine. Medications include Tizanidine, Amitriptyline, and Diclofenac. Dr. Owen stated the claimant is likely not employable, as there is significant reduction in cervical spine range of motion, as well as reduced left shoulder range of motion. He has been awarded social security disability. He has 136 degrees of flexion and 154 degrees of abduction (left shoulder). Straight leg raise (SLR) was positive. The claimant was recommended to see a cervical spinal specialist.*

*The additional records include relevant findings on physician exam. These findings include noted restricted range of motion at the shoulder, positive straight leg raise testing, and significant cervical spinal range of motion limitations.*

*Changes to the previous restrictions and limitations noted in my initial review, RRS case 65940 dated 07/15/2021 include:*

> *Lift/carry no more than 10 pounds both occasional and frequent.*
>
> *Occasional overhead reaching with the left shoulder given range of motion deficits and persistent pains.*

*Re-assessment in three months from the date of this review would be recommended, as it was recommended the claimant see a spine specialist and reassessment would be needed to determine if surgery will be pursued.*

Mr. Zoll's file was then referred for an updated transferrable skills analysis based on the revised restrictions and limitations noted above by Dr. Khoury. The Vocational Case Manager concluded that three of the previously identified occupational alternatives (i.e., Industrial- Order Clerk, Information Clerk, and Gate Guard) remain viable given the updated restrictions as provided by Dr. Khoury. The additional occupations of Final Inspector, Shipping Checker, and Routing Clerk were omitted as they fall outside of the updated restrictions.

The additional information received with Mr. Zoll's appeal has been considered. However, the additional information received on appeal does not provide any significant exam findings, or information regarding his diagnoses, treatment frequency, treatment plan or functional status to change the prior assessment.

Determinations made by Lincoln Financial Group are based on the provisions outlined in the Toyota Motor Engineering & Manufacturing North America, Inc. LTD Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. Therefore, an award of Social Security Disability Benefits is not determinative of entitlement to benefits under the specific terms and conditions of the Group Disability Income Policy.

## Conclusion

We conducted a thorough and independent review of Mr. Zoll's entire claim. In summary, we acknowledge that he may have continued to experience some symptoms associated with his condition beyond January 16, 2021. However, the information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting his symptoms and impairments remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering him unable to perform the duties of the occupation identified as being with in his functional capacity and vocational skills after that date.

Having carefully considered all of the information submitted in support of Mr. Hayden's claim, our position remains that proof of his continued disability in accordance with the Policy provisions after January 16, 2021 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

## Policy Provisions

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

***Disability Benefit***

*When Liberty receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Liberty will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Liberty Proof of continued:*

*1. Disability;*
*2. Regular Attendance of a Physician; and*
*3. Appropriate Available Treatment.*

*The Proof must be given upon Liberty's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Liberty will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.*

*For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage.*

***"Disability"*** *or* ***"Disabled"*** *means:*

1. *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

   *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

***"Own Occupation"*** *means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed at Toyota Motor Engineering & Manufacturing North America, Inc.*

***"Material and Substantial Duties"*** *means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

***"Any Occupation"*** *means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

***"Proof"*** *means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*

*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*

*Proof must be submitted in a form or format satisfactory to Liberty.*

***Discontinuation of the Long Term Disability Benefit***

*The Monthly Benefit will cease on the earliest of:*
*…*
*9. the date the Covered Person is no longer Disabled according to this policy;*
*…*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Toyota Motor Engineering & Manufacturing North America, Inc. Group Disability Income

Policy contains the below provision:

***Legal Proceedings***

*A claimant or the claimant's authorized representative cannot start any legal action:*

*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's plan has a contractual limitations period of three year(s), which means that a lawsuit must be brought within three year(s) after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is November 04, 2024.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in the Toyota Motor Engineering & Manufacturing North America, Inc. LTD Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́į́ł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong

mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Tawnya Valliere
Appeals Specialist
Phone No.: (888) 437-7611 Ext. 15894
Secure Fax No.: (603) 422-7909